# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LIFELINE TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:08-CV-279 CAS |
| v. ) | |
| ) | |
| ARCHER DANIELS MIDLAND COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Archer Daniels Midland Company's ("ADM") Motion to Stay All Proceedings in this Action Pending the Results of Reexamination. Lifeline Technologies, Inc. ("Lifeline") does not oppose the motion, provided that certain conditions are imposed on the stay. ADM has filed a reply and this matter is fully briefed. For the following reasons, the Court will grant the motion to stay the case pending reexamination by the United States Patent and Trademark Office, without conditions.

**Background**

Lifeline is the assignee of two patents for food additives based on water-soluble plant sterols that reduce the human body's absorption of cholesterol from foods and beverages, U.S. Patent Nos. 5,932,562 ("the '562 patent") and 6,063,776 ("the '776 patent"). In 1998, Lifeline and ADM entered into an exclusive license agreement which permits ADM to use the additive in food products. In January 2008, ADM sent a letter to Lifeline stating that it was rescinding the license agreement on the basis that Lifeline had failed to disclose the existence of two prior art patents to the Patent Office and to ADM during license negotiations. ADM's letter concluded that if it had known of the two

prior art references, it would have concluded that the patents were invalid prior to entering into the license agreement.

On February 28, 2008, Lifeline filed a two-count complaint. The first count seeks a declaratory judgment that ADM's rescission of the license agreement is invalid. The second count, pleaded in the alternative, asserts a claim for patent infringement if ADM's rescission of the patents is deemed effective. ADM filed a nine-count counterclaim. ADM's first four counts seek rescission of the license agreement on the grounds of inequitable conduct, intentional misrepresentation, negligent misrepresentation, and breach of warranty. All of the counterclaim's counts except Count I are pleaded in the alternative. ADM also asserts claims for intentional misrepresentation, negligent misrepresentation, breach of warranty, negligence, and indemnification.

Prior to the Rule 16 scheduling conference in this case the parties disagreed about how the case should proceed. Lifeline wanted to bifurcate its declaratory judgment claim from the patent infringement claim, and address the issue of license rescission first on an expedited schedule. If the license agreement was declared invalid, Lifeline would then pursue its patent infringement claim. ADM wanted the case to be treated as a patent infringement action, because both counts of the Complaint involve patent law and licensing issues, including issues of inequitable conduct and patent unenforceability. ADM asserted that bifurcating the case would add "a whole new phase of discovery and a second trial to the case after the many other issues have already been decided." The Court decided to place the case on a patent infringement schedule.

The Court conducted a claim construction hearing on February 5, 2009. At the conclusion of the hearing, ADM informed the Court that it might file a request for reexamination of the patents-in-suit with the Patent Office, and correspondingly move to stay this action pending such

2

reexamination. The Court ordered ADM to file any motion for stay and request for reexamination by February 19, 2009. ADM was granted two extensions of time and filed the instant motion to stay and a Request for Ex Parte Reexamination, of the '776 Patent only, on March 19, 2009.

**Discussion**

In patent actions, courts "have inherent power to manage their dockets and stay proceedings, . . . including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). As this Court has previously noted, several courts have observed that sponsors of the patent reexamination legislation favored stays by district courts pending reexamination in order to settle disputes more quickly at lower cost, and to provide the courts the benefit of the Patent Office's expertise. Watlow Elec. Mfg. Co. v. Ogden Mfg. Co., 2006 WL 1892546, at *1 (E.D. Mo. July 10, 2006) (citing Lentek Int'l, Inc. v. Sharper Image Corp., 169 F.Supp.2d 1360, 1362 (M.D. Fla. 2001)).

Courts should consider three factors when determining whether to grant a stay pending reexamination: (1) whether discovery is complete and a trial date has been set; (2) whether a stay of litigation will simplify the issues in question and facilitate the trial of the case; and (3) whether a stay would unduly prejudice the non-moving party or would present a clear tactical disadvantage for that party. Watlow, 2006 WL 1892546, at *1 (citing Middleton, Inc. v. Minnesota Mining and Mfg. Co., 2004 WL 1968669, at *3 (S.D. Iowa Aug. 24, 2004)).

Having carefully considered this matter, the Court finds that each factor weighs in favor of granting the motion to stay this case.

A trial date of November 9, 2009 had been set, but discovery is not complete in this case, and to this point has been limited to claim construction issues. Fact discovery, including both depositions and document production, has not yet commenced. The parties have not engaged in any expert discovery relating to the issues of validity, infringement, inequitable conduct or damages. As a result, a stay would not result in wasted efforts and resources.

The Court believes that a stay will simplify the issues and facilitate trial of the case. A stay is warranted at the present time to avoid an imminent waste of judicial and party resources. The Court's next actions in this case would be to direct the parties to submit proposed claim construction memoranda, and then issue a ruling construing the two disputed terms in the claims of the patents: "water soluble" and "aqueous homogenous micellar mix." Although the Court has given a preliminary statement of its likely construction of these terms, the patent claims could be confirmed, amended or cancelled during reexamination. If the claims are confirmed without amendment, then the Court would have the benefit of the Patent Office's analysis of the disputed claim terms in ruling on claim construction. See SKF Condition Monitoring, Inc. v. SAT Corp., 2008 WL 706851, at *7 (S.D. Cal. Feb. 27, 2008) (the Patent Office's "expert evaluation" and "understanding of the claims" is "also likely to aid this Court in the preliminary process of claim construction"). If the claims are cancelled, claim construction would be irrelevant; if they are amended, claim construction would have to be repeated. Allowing the Patent Office to complete its reexamination first will simplify the case by facilitating the limiting of issues, defenses and evidence, and possibly eliminating the case entirely by settlement or otherwise. The reexamination will have a significant impact on the issues in this case, regardless of its outcome.

Finally, a stay will not unduly prejudice Lifeline, and it does not allege prejudice. At the current time, ADM is not making any product that falls within the scope of the license. Thus, whether or not the license is ultimately rescinded, ADM is not currently required to pay Lifeline any royalty payments under it. If the stay is lifted and Lifeline's patent infringement claim is successful, Lifeline would have adequate remedies at law.

The only remaining issue is whether the stay should be imposed with conditions requested by Lifeline. Specifically, Lifeline urges the Court to condition the stay on ADM's stipulations that (1) ADM will agree not to raise at trial, summary judgment or any hearing in this matter any printed publications considered during the reexamination process; and (2) ADM will agree not to file another challenge to either the '776 patent or the '562 patent based on any other printed publications, whether in the Patent Office, this Court, or any other administrative proceeding.

Lifeline asserts that unless the first condition is imposed, ADM will come back into court and reargue the same prior art references. Lifeline asserts that ADM should not be allowed to raise at trial any printed publications considered during the reexamination process because it "should not have two bites at the apple," citing Datatreasury Corp. v. Wells Fargo & Co., 490 F.Supp.2d 749, 755 (E.D. Tex. 2006) (conditioning stay of litigation on defendants' stipulation that they would not raise at trial any printed publications considered during the reexamination process).

With respect to the second condition, Lifeline states that although ADM represented at the claim construction hearing it was going to seek reexamination of both patents, it chose to challenge only three claims from one of the patents, with only two asserted prior art references. Lifeline argues that if ADM does not obtain the result it seeks during the reexamination, it should not be able to file another request challenging other claims of the '776 patent, or any from the '562 patent based on any

5

other printed publications, as this would be an "unfair second bite at the apple" and could result in multiple proceedings over an extended period of time.

ADM opposes both proposed conditions. With respect to the first condition regarding prior art, ADM asserts that Lifeline's condition is overbroad and premature. ADM concedes that if the Patent Office confirms Lifeline's claims without amendment and rejects its anticipation and obviousness arguments based on the Redziniak and Thakkar prior art, it would be futile for ADM to raise the same arguments again before this Court. Nonetheless, ADM asserts that there are no grounds for Lifeline to entirely exclude the prior art from the case, even if its claims survive the reexamination intact, as there are situations in which prior art cited during reexamination could be relevant to new issues later in the case: First, if Lifeline makes misrepresentations to the Patent Office about the prior art during reexamination, such misrepresentations could be grounds for a further inequitable conduct defense involving the prior art, or a renewed validity challenge. Second, if new prior art is uncovered later, which in combination with the previously considered art renders the claims invalid, this could raise new invalidity issues not considered by the examiner. Third, if Lifeline asserts new claims, or otherwise changes its contentions, the art could again become relevant. ADM also contends that the prior art limitation is premature, because if, after reexamination, Lifeline believes ADM should be precluded from raising certain art or presenting certain arguments in the litigation, it can seek summary judgment on the issue or file a motion in limine. The merits of such a restriction could be evaluated then, based on a developed record.

With respect to the second condition barring subsequent reexaminations, ADM states that it requested reexamination limited to claims 17-19 of the '776 patent because these are the only claims Lifeline alleges were infringed, and there was no need to request reexamination of the other claims

of the '776 patent or the '562 patent. ADM notes that if claims 17 and 19 are cancelled by the Patent Office, Lifeline's patent infringement count disappears, and the facts alleged in ADM's counterclaims are confirmed. ADM asserts that it should be free to seek an additional reexamination request if Lifeline asserts other claims against ADM, or if new prior art is discovered. ADM notes that a stay order would apply only to the pending reexamination of claims 17-19, and would not automatically extend to hypothetical additional reexamination requests. Thus, if ADM wanted to extend the stay based on another reexamination, it would be required to file another motion and obtain the Court's approval.

The Court has no intention of allowing an unfair "two bites at the apple" or permitting unwarranted delay in this case. That being said, the Court does not find it necessary to impose conditions on the stay. It is theoretically possible that prior art considered during reexamination could have some relevance at trial. The Court believes it would be more constructive to address the issue of prior art following reexamination, when the issues are more fully developed. Lifeline may move to limit or exclude ADM's use of any considered prior art at that time, and the Court will examine any such motion carefully. Further, the Court does not believe it is appropriate at this time to categorically prohibit ADM from filing any other challenge to either patent-in-suit based on any other printed publication. ADM is advised, however, that the Court would not be inclined to look favorably on any future motion to continue the stay based on an additional request for reexamination.

**Conclusion**

For the foregoing reasons, the Court will grant ADM's Motion to Stay All Proceedings in this Action Pending the Results of Reexamination.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Archer Daniels Midland Company's Motion to Stay All Proceedings in this Action Pending the Results of Reexamination is **GRANTED**. [Doc. 60]

**IT IS FURTHER ORDERED** that this action is **STAYED** pending further order of the Court.

**IT IS FURTHER ORDERED** that the parties shall jointly notify the Court in writing within ten (10) days of any action by the Patent Office on the reexamination.

_____  
**CHARLES A. SHAW**  
**UNITED STATES DISTRICT JUDGE**

Dated this __14th__ day of April, 2009.